Canon v. Ballard.

WILLIAM S. CANON

v.

GEORGE M. BALLARD.

[Submitted October 15th, 1901.    Decided October 24th, 1901.
Filed December 21st, 1901.]

1. Where, in an action for accounting, complainant alleges that his son gave a mortgage to secure a debt complainant owed to defendant, and that on foreclosure defendant received a certain sum in excess of the amount complainant owed, the son was a necessary party to the action.

·2. A bill alleging that property was conveyed to defendant—*first*, to secure himself in a certain amount; *second*, to secure complainant in a certain sum which defendant owed complainant, and which is past due; and, *third*, to sell and divide the proceeds ; and that on demand defendant refuses .to sell the property, claiming the right to hold it unsold at his pleasure, states a cause of action.

3. A bill alleging that certain land was conveyed to defendant in full payment of a sum which he had paid as a surety for complainant, but that defendant claimed such conveyance was only as security, and that complainant owes the amount, states a cause of action to determine their respective rights.

4. A bill alleging that defendant holds complainant's bond and notes, which have been fully paid, but which defendant claims are unpaid, and praying that he be required to surrender them, states a cause of action for equitable relief.

5. Where, in an action for accounting, the bill states several separate grounds for equitable relief, but they are so intermingled that all must be determined in order to settle the account, the bill is not multifarious.

On demurrer to bill.

The object of the bill is to procure an accounting between the complainant and the defendant of divers pecuniary transactions that have taken place between them, in which divers obligations have been given by the complainant to the defendant, and *vice versa,* and to procure a sale by the defendant of certain real estate situate in Danbury, Connecticut, to which he holds the absolute title, with a declaration that the complainant is interested therein to the extent of $2,500. The allegation is that upon such an accounting a large balance will appear to be due from the defendant to the complainant, and that such balance is actually due.

The bill sets out, by a schedule annexed thereto, the terms of the written declaration, which declares that the defendant holds the Danbury property to secure the complainant the sum of $2,500, subject to certain prior encumbrances, with an undertaking to make sale of the same in order to pay the complainant the amount mentioned. The bill alleges that the complainant has requested the defendant to make such sale, and that the defendant refuses—*first,* on the ground that he is not obliged to make such sale until he shall feel so disposed, and *second,* that there is nothing coming to the complainant out of said premises because the complainant is indebted to him upon other accounts.

The bill sets out, somewhat in detail, various transactions between the parties, and gives complainant's views of the results of each, and asks that they may all be examined and determined by the court.

The demurrer takes three grounds—*first,* that the bill does not show any equity; *second,* that it is multifarious, and *third,* that one William W. Canon, the son of the complainant, should have been made a party defendant.

The various matters set out in the bill may be epitomized as follows:

First, before the 6th of August, 1895, the complainant was engaged in the fire insurance and real estate business in the city of Newark on his own account, and on that day entered into an agreement of partnership with the defendant in that business and conveyed to him a one-half interest therein. The partnership agreement is in writing, and is annexed to the bill as a

schedule; that the defendant took possession, so to speak, of his share in the business and exercised his right as a partner therein, but in fact took little active part in the work of the business, and continued to hold his share until February 19th, 1896, when he sold his one-half interest to one Andrew Knox, and agreed on such sale (presumably in consideration of complainant's consent thereto) to pay complainant the sum of $2,500, which he has never paid; that Knox, in order to secure the defendant the amount which he agreed to pay the defendant for his one-half interest in the business, of which the $2,500 to be paid to. the complainant was a part, conveyed to the defendant the real estate in question in the city of Danbury and State of Connecticut; that in order to secure the complainant the said sum of $2,500, which the defendant had promised to pay him on the transfer of the defendant's interest to Knox, the defendant, after repeated demands of payment by complainant, gave him a written agreement, which is set out as a schedule, in which he acknowledged that he held the title to the Danbury property—*first,* to secure to himself $4,390, and *second,* to secure to the complainant $2,500, subject to an agreement giving Knox the option to purchase it at any time prior to February 19th, 1899, at any price at which the defendant should be willing to sell it; and, finally, to sell the property and divide the proceeds, as before stated, and in the meantime to collect the rents and divide the same in the same proportion.

The bill alleges that the complainant has repeatedly requested the defendant to sell the Danbury property, which he has refused to do, and that the defendant claims—*first,* that he has a right to hold it unsold at his pleasure, and *second,* that he has other claims against the complainant sufficient to absorb the whole $2,500, or some part thereof.

The bill then proceeds to set out the other transactions between the parties.

First, that on December 23d, 1895, complainant gave a mortgage to the defendant, covering several tracts of real estate in the city of Newark, to secure the sum of $5,000; that subsequently the complainant paid the defendant, on account of this mortgage, the sum of $2,500, on the occasion of a sale, by the,

complainant, of a portion of the premises and a release, by the·· defendant, of the part so sold; and also, at the same time, procured his son, William W. Canon, to give the defendant a mortgage for $2,000, covering lands in Somerset county, subject to a prior mortgage, as collateral security for the balance due on the $5,000 mortgage; that subsequently the holder of the first mortgage on the Newark property foreclosed it, with the result that the surplus money, amounting to over two thousand seven hundred dollars, was paid into court, which the defendant procured by a petition, presented to the court, based on his $5,000 mortgage, alleging, in his petition, that there was due at that time, $2,960.79; that in the meantime the holder of the first mortgage on the Somerset county property foreclosed his mortgage, making the defendant a party by reason of his mortgage, given by William W. Canon, with the result that the defendant received a surplus from the sale of that property of over nine hundred dollars.

The bill further states that the defendant holds the complainant's promissory notes for over four hundred dollars.

Another transaction set out in the bill is that, at the time of the existence of the partnership between the parties above mentioned, the complainant was the agent in Newark of the Hartford Fire Insurance Company, and, as such agent, was compelled to give, and did give, a bond to that company, with the defendant and another as sureties, conditioned for the faithful performance of his duties as agent; that in October, 1896, the complainant was indebted to the said insurance company for about one thousand six hundred dollars, and in order to secure it conveyed to a Mrs. Young, the wife of the manager of said company, the premises situate in the city of Newark known as Nos. 51 and 53 Lock street, and that Mrs. Young executed to complainant a defeasance, conditioned for the reconveyance of the premises if the sum of money owing by complainant was duly paid; that subsequently the defendant, who, as before stated, was surety for the debt, paid the sum of $1,600, with interest, to the insurance company, and received from Mrs. Young, with the consent of complainant, a deed of conveyance of said Lock street property; that complainant understood that Mrs. Young's conveyance was accepted by

Canon *v.* Ballard.

the defendant in payment of complainant's indebtedness to the defendant arising out of the payment, by defendant, of his debt to the insurance company, but that defendant claims that he holds the property last mentioned only as security for the amount so advanced, and that the complainant is still indebted to him for that amount, and has demanded payment thereof from the complainant; that defendant is in possession of, and is receiving the rents and profits of, the Lock street property; that the complainant has frequently demanded of the defendant a settlement of these different matters between them, and that defendant has refused to make any settlement, and claims and insists that complainant is indebted to him; but, on the contrary, the complainant charged the truth to be that the defendant is indebted to him in a large sum of money.

The several prayers of the bill are—*first,* for a formal dissolution of the partnership; *second,* the determination of the question whether the defendant holds the Lock street property as security for, or as a satisfaction of, the amount paid by him to the insurance company on complainant's account; *third,* that the amount of indebtedness between the parties at the time of the sale of the Somerset county property may be determined, and that the defendant may be required to give complainant credit for the amount received by the defendant as the proceeds of the sale thereof; that an account may be taken and stated between the parties, finding and determining the amount due one way or the other, and that the defendant may be ordered to deliver up the two bonds and mortgages before mentioned, as also the promissory notes, and that he may be decreed to sell the property in Danbury and account for the same in the accounting to be had hereunder.

*Mr. Frank E. Bradner,* for the complainant.

*Mr. W. Bradford Smith,* for the defendant.

PITNEY, V. C.

It is apparent at once that the complainant cannot, upon an accounting, have credit for the money received by the defendant

from the sale of the Somerset county property without making William W. Canon a party to the suit. The reason of this is that a decree that complainant is entitled to such credit should protect the defendant against any demand which William W. Canon may hereafter make against him for the money so received; and as the demand by the complainant for credit of that money is a material part of his bill and a necessary part of the accounting prayed for, and as the non-joinder of William W. Canon was stated as a special cause of demurrer, I am of the opinion that the defect so shown cannot be overlooked.

But the other questions raised by the other causes of demurrer were treated by defendant's counsel as more serious, and were thoroughly argued, and should be disposed of at this stage of the cause.

With regard to the general want of equity, the complainant shows two distinct equities. First, admitting, as we must, the allegation of the bill to be true, he is entitled to a sale of the Danbury property, and he is entitled to have it sold to the best advantage, so as to bring the highest price, and, measurably, under the direction of the court.

In the second place, he is entitled to a determination of the question in dispute between him and the defendant as to whether the debt which he incurred to the defendant when the latter paid his, complainant's, debt to the insurance company, was satisfied by the conveyance to the defendant of the Lock street property, or whether the debt remains and the title of the Lock street property is held by the defendant merely as security for its payment. It is quite clear that this question can only be determined in a court of equity.

Both these grounds show clear reasons for coming into this court.

Another ground of equity is that the complainant is entitled to have his bond for $5,000 secured by the mortgage surrendered and given up to him if it is paid. The possession of the two mortgages, one for $5,000, given by himself, and the other for $2,000, given by his son, and their existence as writings, is presumably of no consequence.

Again, if the allegations of the bill be true the complainant

is also entitled to have his promissory notes held by the defendant delivered up and canceled.

These all show grounds for coming into equity.

The next ground of demurrer is multifariousness, namely, that the complainant has mixed together in one bill different matters not connected with each other. It is familiar learning that this is an objection which the courts deals with according to the circumstances of the case, and as will best promote the convenience of the administration of justice.

Here it is perfectly plain that every one of the several matters are necessary to be investigated in order to determine whether or not the complainant is entitled to the ultimate relief of a sale of the Danbury property. Has the $5,000 mortgage been paid? If so, then the defendant cannot set up the bond which was given with it as an indebtedness against the complainant.

Must the defendant give the complainant credit for the nine hundred and odd dollars received from the Somerset county sale? If so, then that amount must go in obliteration of any balance due on the $5,000 mortgage, and also in payment of the amount due on the promissory notes, and if any is left then the amount must be applied on the amount paid to the fire insurance company, if that is not already paid by conveyance of the Lock street property.

Then was the conveyance of the Lock street property in satisfaction of that debt, or only as security for it? If in satisfaction of that debt, then the defendant cannot set up that debt against the amount secured by the Danbury property. If not made in satisfaction, then the defendant must account for the rents and profits, and the complainant is entitled to redeem, and he is entitled to have the Lock street property sold to pay, as far as it will, the amount secured thereby, and only the balance brought in against the Danbury property.

Thus it will be seen that all these matters are necessary for a general accounting between the parties, to which the complainant is clearly entitled in order to determine his rights in the Danbury property.

The result is that the objection on the ground of multifariousness fails.

The demurrer must be sustained on the ground of the lack of parties, but, under the circumstances, without costs; and complainant will be permitted to amend his bill by making proper averments to bring in William W. Canon as a party, and the defendant will answer the amended bill within thirty days after service upon him of a copy thereof.